Filed 3/13/23  In re R.R. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re R.R., a Person Coming Under the Juvenile Court Law. | C097070 |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>R.R.,<br><br>      Defendant and Appellant. | (Super. Ct. No. JV141303) |

Appointed counsel for the minor R.R. asked this court to review the record and determine whether there are any arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to the minor, we will affirm the judgment.

1

BACKGROUND

On May 27, 2021, the minor and a group of fellow students attacked B.F., with the minor punching B.F. approximately 20 times. Someone took B.F.'s cell phone. Police officers took the minor into custody but he was released the same day by the probation department to his mother on house arrest, pending installation of an electronic monitoring system. (Welf. & Inst. Code, §§ 628, 628.1.)[1] On June 1, 2021, the Sacramento County District Attorney's Office filed a petition alleging that the minor, age 13 at the time, committed robbery (Pen. Code, § 211), bringing the minor within the jurisdiction of the juvenile court (§§ 602, 650).

The juvenile court held a detention hearing on June 2, 2021. (§ 632.) The court appointed counsel for the minor, and counsel waived the reading of the petition and the advisement of rights. (§§ 633, 634, 700; Cal. Rules of Court, rules 5.534(c), (d), (g), 5.754(a).) The court found the People had made a prima facie showing that the minor met the requirements for jurisdiction under section 602 and found electronic monitoring necessary for the immediate and urgent protection of the minor and for the protection of the person or property of another. (§§ 602, 635; Cal. Rules of Court, rule 5.760(c)-(f), (j)-(k).) Accordingly, the court ordered the minor continued on electronic monitoring and ordered the minor not to contact the victim and not to associate with an alleged coparticipant. (§§ 636, 628.1; Cal. Rules of Court, rule 5.760(*l*).) The minor's counsel waived time for the jurisdiction hearing, and the court set a settlement conference date. (§ 657.)

At the next hearing, the juvenile court removed the electronic monitoring requirement but placed the minor on home supervision and, with the minor's counsel waiving time, reset the settlement conference for a later date. After another continuance,

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

the juvenile court released the minor from the home supervision order and set a jurisdiction hearing. Shortly before the scheduled jurisdiction hearing, the People filed an amended petition, alleging that the minor had also committed assault by means likely to produce great bodily injury in fighting B.F. (Pen. Code, § 245, subd. (a)(4).) At the time scheduled for the jurisdiction hearing, the juvenile court granted the People's request to dismiss the petition and file a new petition, replacing the robbery count with allegations that the minor had stolen B.F.'s cellphone. (Pen. Code, § 487, subd. (a).) The juvenile court reappointed the minor's counsel, who waived formal arraignment on the new petition, and the court then set another jurisdiction hearing.

The new jurisdiction hearing was continued due to the minor's failure to appear at the trial readiness conference. Before the continued hearing, the People filed a new petition adding allegations regarding a different minor's participation in the fight, so the minor's counsel asked to continue the hearing. The juvenile court continued the hearing three more times at the minor's counsel's request, and then the minor's counsel reported a medical issue that led to appointment of a new attorney.

The juvenile court held a contested jurisdictional hearing on August 30, 2022. At the outset, the parties stipulated that the minor satisfied the requirements of Penal Code section 26, and the People dismissed for lack of evidence the allegation that the minor stole the victim's cellphone. After hearing testimony from the victim, a fellow student, and the school resource officer, the juvenile court found that the minor's actions did not constitute force likely to cause great bodily injury. But, noting that video of the incident showed the minor hitting B.F. in the back of the head when the fight was over and B.F.'s back was turned, the court found the minor had committed battery (Pen. Code, § 242), which brought the minor within jurisdiction of the juvenile court (§ 702).

At the disposition hearing, the juvenile court placed the minor on probation for six months, subject to the conditions provided by the probation officer, without adjudging the minor a ward of the court. (§§ 706, 725.) The minor timely appealed. (§ 800.)

3

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from the minor.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

## DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
RENNER, Acting P. J.

/s/
EARL, J.

4